```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 Cr. 223 (NRB)

KIM ANH VO,
                                        Plea
            Defendant.

------------------------------x
                                        New York, N.Y.
                                        June 26, 2019
                                        2:58 p.m.


Before:

                HON. NAOMI REICE BUCHWALD,

                                        District Judge

                     APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
JANE KIM
     Assistant United States Attorney

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for the Defendant
SABRINA SHROFF
```

J6QHVOP

1         (Case called)
2         THE LAW CLERK:  Is the government present and ready to
3    proceed?
4         MS. KIM:  Yes, your Honor.  Good afternoon.  Jane Kim
5    for the government.
6         THE LAW CLERK:  Is the defendant present and ready to
7    proceed?
8         MS. SHROFF:  We are, your Honor.  Good afternoon.  On
9    behalf of Ms. Vo, Federal Defenders by Sabrina Shroff.
10         THE COURT:  Everyone can be seated.
11         Based on the documents in front of me, Ms. Vo is going
12    to waive indictment with respect to a superseding information
13    and enter a plea of guilty, is that correct?
14         MS. SHROFF:  That is correct, your Honor.
15         THE COURT:  Ms. Vo, may I ask you to stand for a
16    moment, please.  Would you raise your right hand.
17         (Defendant sworn)
18         THE COURT:  Can you tell me your full name, please.
19         THE DEFENDANT:  Yes, ma'am.  My full name is Kim Anh
20    Vo.
21         THE COURT:  Ms. Vo, how old are you?
22         THE DEFENDANT:  I'm 21, your Honor.
23         THE COURT:  Why don't you sit down.
24         What was the highest grade in school that you
25    completed?

1  THE DEFENDANT: My freshman year of college, your
2  Honor.
3  THE COURT: Are you now or have you recently been
4  under the care of a doctor or a mental health professional?
5  THE DEFENDANT: No, your Honor.
6  THE COURT: Have you ever been hospitalized?
7  MS. SHROFF: I'm sorry. May I just have a minute?
8  THE COURT: Sure.
9  (Defendant conferred with counsel)
10  THE DEFENDANT: Your Honor, may I correct myself? I'm
11  currently seeing a social worker and in the process of seeing a
12  doctor.
13  THE COURT: I'm sorry. You're currently seeing a
14  social worker, and I didn't hear the other.
15  THE DEFENDANT: A social worker and in the process of
16  seeing a doctor, your Honor.
17  THE COURT: I'm sorry. Still didn't understand what
18  you said.
19  MS. SHROFF: She's also seeing a doctor.
20  THE COURT: Also seeing. OK.
21  Are you being treated for any -- are you receiving any
22  medication as a result of this treatment?
23  THE DEFENDANT: No, your Honor.
24  THE COURT: Is the social worker affiliated with your
25  counsel?

1                THE DEFENDANT:  Yes, your Honor.
2                THE COURT:  Is the doctor at the prison?
3                THE DEFENDANT:  Yes.  Yes, your Honor.
4                THE COURT:  What condition is the doctor treating you
5     for?
6                THE DEFENDANT:  Psychology, your Honor, and depression
7     and my anxiety and some skin conditions that I'm currently
8     having.
9                THE COURT:  Is the doctor a psychiatrist, do you know,
10    or not?  Only if you know.
11               THE DEFENDANT:  I don't know, your Honor.
12               THE COURT:  And the doctor has not prescribed any
13    medication for you?
14               THE DEFENDANT:  No, your Honor.
15               THE COURT:  Have you ever been hospitalized or treated
16    for alcoholism or narcotics addiction?
17               THE DEFENDANT:  No, your Honor.
18               THE COURT:  How are you feeling physically today?
19               THE DEFENDANT:  I feel fine, your Honor.
20               THE COURT:  Just to be clear, you've not taken any
21    medication or any drug or alcohol recently, is that correct?
22               THE DEFENDANT:  Yes, that's correct, your Honor.
23               THE COURT:  Have you signed a waiver of indictment?
24               THE DEFENDANT:  Yes, your Honor, I have.
25               THE COURT:  Before you signed it, did you discuss it

1  with your lawyer and did Ms. Shroff explain to you that you are
2  under no obligation to waive indictment?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  Do you understand that if you did not
5  waive indictment and the government wanted to prosecute you on
6  these particular charges, that they would have to present your
7  case to a grand jury, which might or might not indict you on
8  these particular charges?
9              THE DEFENDANT:  Yes, your Honor.
10             THE COURT:  Do you realize that by signing this waiver
11 of indictment, that you have given up your right to have your
12 case presented to a grand jury?
13             THE DEFENDANT:  Yes, your Honor.
14             THE COURT:  Do you understand what a grand jury is?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Have you seen a copy of the superseding
17 information?
18             THE DEFENDANT:  Yes, your Honor.
19             THE COURT:  Would you like me to read it out loud, or
20 do you waive its public reading?
21             THE DEFENDANT:  No, your Honor, it's fine.  I don't
22 need it.
23             THE COURT:  Have you had sufficient time to consult
24 with Ms. Shroff, both about the charges and your plea?
25             THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Are you ready to enter a plea today?
2    THE DEFENDANT:  Yes, your Honor, I am.
3    THE COURT:  What is your plea, guilty or not guilty?
4    THE DEFENDANT:  Your Honor, I plead guilty.
5    THE COURT:  Ms. Kim, in order to determine whether
6 your plea is voluntary and made with a full understanding of
7 the charges against you -- I'm sorry.  I keep calling you
8 Ms. Kim, Ms. Vo.  I apologize.
9    MS. SHROFF:  Your Honor, her first name is Kim, so I
10 think that's probably why the Court is confused.
11    THE COURT:  It could be any reason.  It's possible,
12 but I wasn't planning on calling her by her first name.  Or it
13 could be that it's my law clerk's name, too.  So we could all
14 be totally -- if I said Ms. Kim, I meant Ms. Vo.  So going
15 forward, I'll try not to mess it up.
16    Ms. Vo, in order to determine whether your plea is
17 voluntary and made with a full understanding of the charges
18 against you and the consequences of your plea, I will make
19 certain statements to you, and I'm going to ask you certain
20 questions.  I want you to understand that I need not accept
21 your plea unless I am satisfied that you are, in fact, guilty
22 and that you fully understand your rights.
23    Now, the superseding information contains one count,
24 and that count charges you with conspiring to provide material
25 support and resources to a designated foreign terrorist

1    organization, namely, ISIS.  And this crime carries a maximum

2    possible term of imprisonment of five years, a maximum term of

3    supervised release of three years, a maximum fine of $250,000,

4    and a $100 mandatory special assessment and, if appropriate,

5    restitution must be ordered.

6              Do you understand that that is the charge against you

7    and the maximum possible penalties applicable to that charge?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Do you understand that in consideration

10   for your plea of guilty to that charge, that you will not be

11   further prosecuted criminally by the U.S. Attorney's Office,

12   except for possible criminal tax violations, for conspiring to

13   provide material support to a foreign terrorist organization

14   between in or about April 2016 and May 2017?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you understand that you have the right

17   to plead not guilty and the right to a trial on the charges

18   against you and, in fact, the right to a jury trial?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  At this time I would ask the government,

21   please, to recite the elements of the crime charged.

22             MS. KIM:  Yes, your Honor.  In order to prove the

23   defendant guilty of Count One of the superseding information,

24   the government would have to prove the following beyond a

25   reasonable doubt:

1    First, that two or more persons agreed in some way or
2    manner to try to accomplish a common and unlawful plan to
3    commit a federal crime, here, to provide material support or
4    resources to ISIS as defined in 18 U.S.C. 2339A, the elements
5    of which I'll walk through in a minute;
6    Second, that the defendant knew the unlawful purpose
7    of the plan and joined it; and
8    Third, that at least one coconspirator committed an
9    overt act in furtherance of the conspiracy.
10   The elements of providing material support or
11   resources to ISIS under 18 U.S.C. Section 2339A include:
12   First, that the defendant provided material support or
13   resources, which includes personnel;
14   Second, that the defendant provided such material
15   support or resources to a designated foreign terrorist
16   organization, here, ISIS;
17   Third, that the defendant acted intentionally and
18   knowingly in that she knew either the organization was
19   designated as a foreign terrorist organization or that the
20   organization engaged in terrorist activity or terrorism; and
21   Fourth, that at least one of the jurisdictional
22   requirements set forth in Section 2339B is satisfied.
23   In addition, the government would also need to
24   establish by a preponderance of the evidence that venue was
25   proper in the Southern District of New York.

1  THE COURT:  Ms. Vo, do you understand that if you pled
2  not guilty and went to trial, that the burden would be on the
3  government to prove each and every element of the crime charged
4  beyond a reasonable doubt in order to convict you?
5  THE DEFENDANT:  Yes, your Honor.
6  THE COURT:  Do you understand that at a trial, you'd
7  have the right to be represented by an attorney at all stages
8  of the proceedings and, if necessary, an attorney would be
9  appointed for you?
10  THE DEFENDANT:  Yes, your Honor.
11  THE COURT:  Do you understand that at a trial you
12  would have the right to confront and cross-examine witnesses
13  against you and the right not to be compelled to incriminate
14  yourself?
15  THE DEFENDANT:  Yes, your Honor.
16  THE COURT:  Do you understand that at a trial you
17  would be presumed innocent until such time, if ever, the
18  government established your guilt by competent evidence to the
19  satisfaction of the trier of fact beyond a reasonable doubt?
20  THE DEFENDANT:  Yes, your Honor.
21  THE COURT:  Do you understand that at a trial you
22  would have the right to testify and would also be entitled to
23  compulsory process, in other words, the right to call other
24  witnesses on your own behalf?
25  THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Do you understand that if your plea is
2 accepted, that there will be no further trial of any kind so
3 that by pleading guilty, you are waiving your right to a trial?
4    THE DEFENDANT:  Yes, your Honor.
5    THE COURT:  Do you understand that if you are
6 sentenced to a period of supervised release and if you violate
7 the terms of your supervised release, that an additional period
8 of jail time may be imposed without credit for the time that
9 you had previously spent on supervised release?
10    THE DEFENDANT:  Yes, your Honor.
11    THE COURT:  Do you understand that in connection with
12 your plea of guilty, that the Court may ask you certain
13 questions about the offense to which you have pled, and if you
14 answer those questions under oath and on the record and in the
15 presence of your lawyer, that your answers if false may later
16 be used against you in a prosecution for perjury or false
17 statement?
18    THE DEFENDANT:  Yes, your Honor.
19    THE COURT:  Ms. Vo, what country are you a citizen of?
20    THE DEFENDANT:  I am a citizen of the United States of
21 America.
22    THE COURT:  Ms. Vo, did you sign a plea agreement
23 earlier today?
24    THE DEFENDANT:  Yes, your Honor, I have.
25    THE COURT:  Before you signed it, did you read it?

J6QHVOP

1            THE DEFENDANT:  Yes, your Honor, I have.

2            THE COURT:  Before you signed it, did you discuss it
3    with Ms. Shroff?

4            THE DEFENDANT:  Yes, your Honor, I have.

5            THE COURT:  Separate and apart from the plea
6    agreement, have any threats or promises been made to you to
7    make you plead guilty?

8            THE DEFENDANT:  No, your Honor.

9            THE COURT:  Again, separate and apart from the plea
10   agreement, have any understandings or promises been made to you
11   concerning the sentence that you will receive?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  Is your plea voluntary, in other words, of
14   your own free will?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  All right.  I'm going to review some
17   portions of the plea agreement with you.  As I mentioned
18   earlier, the statutorily authorized maximum sentence in your
19   case is 60 months, or five years.  However, the plea agreement
20   also contains a stipulated guidelines range, and that range is
21   from 360 months to life, with a fine range of 50,000 to
22   $500,000.

23           Do you understand that that is the stipulated
24   guidelines range?

25           THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Do you understand that both parties have
2 agreed that a departure from the stipulated guidelines range is
3 not appropriate, but that either party may argue for a sentence
4 different from the stipulated guidelines range?
5    THE DEFENDANT:  Yes, your Honor.
6    MS. KIM:  Your Honor.
7    THE COURT:  Yes.
8    MS. KIM:  If I could just very quickly, just wanted to
9 clarify on the record that the guidelines range was calculated
10 in the plea agreement as 360 months to life imprisonment, but
11 because, as the Court mentioned, the statutory maximum max is
12 60 months, the stipulated guidelines range is 60 months.
13    THE COURT:  I'm sorry.
14    MS. KIM:  No, thank you.
15    THE COURT:  I missed that part, though that makes
16 total sense.
17    Given that, the paragraph concerning the government's
18 reservations of rights to seek a different guidelines range is
19 sort of irrelevant.  You can't go above 60 no matter -- even if
20 the defendant commits an obstruction of justice after this.
21    MS. KIM:  Yes, your Honor.
22    THE COURT:  Good.  That saves one paragraph.
23    Do you understand, Ms. Vo, that the sentence to be
24 imposed upon you is determined solely by the Court and that the
25 guidelines are not binding on either the Court or the probation

1    office?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you understand that if you receive a
4    sentence at or below the stipulated guidelines range of 60
5    months, that you have agreed not to appeal or otherwise
6    challenge your sentence?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Are you pleading guilty because you are,
9    in fact, guilty?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Do you understand that this plea agreement
12   does not bind any prosecuting office other than the U.S.
13   Attorney's Office for the Southern District of New York?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Do you understand that this plea agreement
16   takes the place of any prior understanding that you may have
17   had with the U.S. Attorney's Office, other than a possible
18   written proffer agreement, and that this plea agreement cannot
19   be modified except in a writing signed by all parties?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Ms. Vo, did you commit the offense that
22   you've been charged with in the superseding information?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Could you tell me what you did.

25           THE DEFENDANT:  Yes, your Honor.  During the age of 16

1   years old, I used social media a lot, and I agreed with others
2   to commit an act against the United States by joining an online
3   group called the United Cyber Caliphate, which is a group that
4   pledges allegiance to ISIS.  And I supported the United Cyber
5   Caliphate by recruiting, translating, and editing messages that
6   they posted online.  I knew when I was doing this that it was
7   very wrong and highly illegal.
8           THE COURT:  You knew it at the time?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Or you know it now?
11          THE DEFENDANT:  I knew it at the time, and now I agree
12  that it was wrong and it's still wrong, and I still did it.  I
13  stopped -- I stopped after knowing it was wrong, and I withdrew
14  from the group for two and a half years.
15          THE COURT:  I just had difficulty hearing what the
16  name of the group was.  Ms. Shroff, you want to just state it.
17          MS. SHROFF:  Yes, your Honor.  It's the United Cyber
18  Caliphate.
19          THE COURT:  United Cyber Caliphate?
20          MS. SHROFF:  Yes, your Honor.
21          THE COURT:  Just wanted to make sure the court
22  reporter got it.
23          Ms. Kim, I don't think I heard any reference to venue
24  or the Southern District.  Is there a stipulation about that
25  or an offer?

1          MS. KIM:  Yes, sure.  The government proffers that
2    venue is proper in the Southern District because, among other
3    things, as explained in the superseding information, one of the
4    defendant's coconspirators posted a link online to a video
5    threatening a nonprofit organization based in Manhattan.  This
6    was in or about March 2017.  And another example is in or about
7    April 2017, a different coconspirator posted publicly online a
8    video publicizing the release of a kill list of more than 8,000
9    people on behalf of ISIS, several of whom lived in Manhattan,
10   and it was accompanied by a directive to ISIS supporters to
11   kill them wherever you find them.
12          THE COURT:  Ms. Shroff, is there any dispute about
13   venue?
14          MS. SHROFF:  There's no dispute about venue, your
15   Honor, but I just -- I think Ms. Kim said it already.  There's
16   no indication that this defendant did any of the posting or the
17   linking, especially to the latter.
18          THE COURT:  Ms. Kim, is there anything else you would
19   like me to ask Ms. Vo?
20          MS. KIM:  No, your Honor.
21          THE COURT:  Ms. Vo, do you still wish to plead guilty?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Ms. Shroff, do you know of any reason why
24   Ms. Vo ought not to plead guilty?
25          MS. SHROFF:  No, your Honor.

1  THE COURT: Ms. Vo, I'm satisfied that you understand
2  the nature of the charge against you and the consequences of
3  your plea and that your plea is made voluntarily and knowingly
4  and that there is a factual basis for it. Accordingly, I will
5  accept your plea of guilty and direct that a presentence report
6  be prepared.
7  I was going to propose the following dates. By our
8  calculation, the PSR should be ready by September 17. I was
9  going to propose that the defendant's submission be filed by
10  October 3, with the government's on October 10, with sentencing
11  on October 17 at 2:30. Is that OK with everyone?
12  MS. SHROFF: I think that's fine for us, your Honor.
13  THE COURT: OK.
14  MS. SHROFF: Your Honor, I just wanted to flag for the
15  Court that Ms. Vo's family lives in Georgia.
16  THE COURT: Yes, I think I remember that.
17  MS. SHROFF: We've had some difficulty trying to have
18  them visit, and if need be, we may ask just for a different
19  date so that the family can physically be here.
20  THE COURT: That's fine. Just ask.
21  Is there anything else at this time?
22  MS. KIM: Not from the government, your Honor.
23  MS. SHROFF: No, your Honor.
24  THE COURT: Thank you very much.
25  (Adjourned)