

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 30, 2020

**By ECF**

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Kim Anh Vo*, No. 19 Cr. 223 (NRB)

Dear Judge Buchwald:

    The Government writes in response to the defendant's bail motion and the Court's request for the Government to articulate the reasons why the Government consented to the defendant's motion. As explained in more detail below, the Government consented to the limited request for release sought in the defendant's motion because it is necessary to determine the defendant's suitability to participate in the Government's disruption and early engagement program (the "Program").

    In or about October 2019, the U.S. Department of Justice ("DOJ") directed United States Attorneys' Offices to create programs to develop alternative strategies to address terrorism and extremist threats in addition to or in lieu of traditional law enforcement remedies, where appropriate. Pursuant to that directive, the Government has adopted the Program, through which qualifying defendants may participate in, for example, mental health counseling and de-radicalization programs to deter them from further participation in extremist activity. In determining whether a defendant is qualified to participate, the Program solicits input from, among others, the law enforcement agency responsible for the investigation and mental health professionals. Depending on the circumstances, defendants can participate in the Program while detained or released on bail. To be clear, in cases where a defendant has been charged with national security offenses—such as this one—the Program would not entail the dismissal of charges against a defendant, but rather, successful completion of the Program would be one factor that the Court could consider at sentencing.

    While Vo's conduct, which includes the recruitment of others to create propaganda for the Islamic State of Iraq and al-Sham ("ISIS") including so-called "kill lists," is extremely serious, the Government and defense counsel believe that she may be a suitable candidate for the Program, given ths unique circumstances present in this case, including that she voluntarily spoke to law enforcement on multiple occasions before her arrest. To that end, counselors with the Program have interviewed Vo in the Metropolitan Correctional Center (the "MCC"). The Government

understands that, based on this initial interview, these counselors believe that the defendant may be an appropriate candidate for the Program. To finalize that assessment, however, these counselors and FBI agents need to interview the defendant at least one more time. While the parties have been trying to arrange these final interviews with the defendant in the MCC, the current COVID pandemic has made that infeasible. Additionally, prior to her arrest, the defendant lived in Georgia, and did not have any ties to New York. Because it is not possible at this time to establish a stable living situation for the defendant in New York if she were eligible for the Program, in part because of the pandemic, the parties are also exploring whether it would be possible for the defendant to participate in the Program from Georgia, if she is eligible. That would require, however, that the defendant have access to the necessary mental health services in Georgia, which requires that mental health professionals in Georgia also evaluate the defendant.

While the Government had anticipated that all of the steps necessary to determine the defendant's eligibility for the Program could have been completed while the defendant was detained at the MCC, the current health crisis has made that untenable. At the same time, the Government does not believe that the defendant should be denied an opportunity to qualify for the Program due to the ongoing pandemic. The only way to accomplish that, however, is to arrange for a brief period during which the defendant is released from the MCC to be finally evaluated both by the Program counselors here and the necessary mental health professionals in Georgia. The defendant's request accomplishes that—if the Program determines that she qualifies, then she would remain bailed under the conditions set forth in defense counsel's letter, while, on the other hand, if she is not eligible, then she would be remanded again, and sentencing could proceed. In light of that, the Government consented to the defendant's limited request for bail.

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> By:      /s/
> Shawn G. Crowley
> Sidhardha Kamaraju
> Jane H. Kim
> Assistant United States Attorneys
> Tel: (212) 637-1034/ 6523 / 2308

cc: Defense counsel (by ECF)